UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY F. BAUER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:04CV1528 HEA |
|  | ) |  |
| STATE OF MISSOURI | ) |  |
| DEPARTMENT OF SOCIAL | ) |  |
| SERVICES-DIVISION OF | ) |  |
| FAMILY SERVICES, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants State of Missouri and Governor Bob Holden's Motion to Dismiss [#13]. Plaintiff has responded to the motion. For the reasons set forth below, Defendants' motion is granted.

### **Facts and Background**

Plaintiff, Timothy Bauer, alleges in his Amended Complaint that Defendants, Missouri Department of Social Services-Division of Family Services (hereinafter "DFS"), Gary Baily, Joan Hiric, and Governor of the State of Missouri, Robert Holden,[1] willfully and consciously violated Plaintiff's civil rights by establishing, enforcing,

---

[1] Plaintiff filed this cause of action when Bob Holden was the Governor of the State of Missouri for actions which occurred prior to the election of the current Missouri Governor, Matt Blunt.

and modifying orders for child support of Plaintiff's four children. Plaintiff alleges Defendants' actions in establishing, enforcing, and modifying the orders of child support were in violation of Plaintiff's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff further alleges the State of Missouri violated the Fifth Amendment when it "used methods of extortion, kidnapping and wire fraud in attempt [sic] to collect child support orders unlawfully entered and established." Plaintiff also asks this Court to "order the United States Department of Health and Human Services intercede and take control of the State of Missouri's Department of Social Services Division of Family Services when it comes to child support issues to ensure the State of Missouri does not violate the plaintiff's or any other client of The State of Missouri Division of Family Services clients [sic] as allowed under the 14th and 15th [sic] Amendments of the Constitution."

Defendants State of Missouri and Holden,[2] now move to dismiss Plaintiff's Amended Complaint against them under Rules 8, 10, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## Discussion

Defendants, State of Missouri and Governor Bob Holden, first contend they

---

[2]Counsel for the State of Missouri and former Governor Bob Holden does not represent Defendants Gary Baily or Joan Hiric.

should be dismissed from this cause of action because Plaintiff's Amended Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Defendants claim that Plaintiff's Amended Complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief, pursuant to Rule 8, and that Plaintiff's averments are not properly organized to comply with Rule 10. *See generally*, FED. R. CIV. P. 8(a)(2) and 10(b). The Court, however, has construed Plaintiff's Amended Complaint liberally, and finds Plaintiff's Complaint sufficiently provides Defendants fair notice of the basis of the claims against them under Rules 8 and 10.

Defendants further contend that the Amended Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules. The Court will first address the issue of subject matter jurisdiction.

**Sovereign Immunity**

Defendants argue they are entitled to dismissal for lack of subject matter jurisdiction because Plaintiff has sued the State of Missouri and the Governor of the State in his official capacity, thus Defendants are shielded by the Eleventh Amendment to the United States Constitution. The Court agrees.

The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to

any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. Amend. XI.

Sovereign immunity extends to states and "arms" of the state. *Alden v. Maine*, 527 U.S. 706, 756 (1999); *Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon*, 210 F.3d 814, 819 (8th Cir.), *cert denied*, 531 U.S. 958 (2000). Whether an entity constitutes an "arm" of the state turns on its relationship to the state under state law. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430-31 and n. 5 (1997); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

When a plaintiff names an official in his individual capacity, the plaintiff is seeking to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). When a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover damages from the government body itself. *Id.* at 159; *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985). Failing to expressly state that the official is being sued in his individual capacity will be construed as an intent to sue the defendant only in his official capacity. *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989). The Eleventh Amendment shields a state from suit in federal court unless the state consents to suit or waives its immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890) (interpreting the amendment to

prohibit suits in federal court against a state by citizens of the defendant state); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding a state's consent to suit must be unequivocally expressed); see also *Florida Dep't of Health v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) and *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63 (1989). The bar applies whether a plaintiff is seeking damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01 (1984). An action against a state official, in his or her official capacity, is tantamount to a suit against the state itself, and absent waiver or consent, is barred by the Eleventh Amendment as well.

Here, Defendants urge dismissal because this suit is against the State of Missouri and Bob Holden in his official capacity as Governor of the State. Because Plaintiff's Complaint contains official-capacity claims and a claim against the State, the real party at interest in this case is the State of Missouri, thus, both the State and the Governor are shielded by the Eleventh Amendment. Therefore, this Court lacks subject matter jurisdiction, and Defendants' motion to dismiss will be granted. The Court need not address Defendants' further arguments with respect to Plaintiff's failure to state a claim upon which relief can be granted as the threshold question has been resolved against the Plaintiff and in favor of the Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants State of Missouri and Governor Bob Holden's Motion to Dismiss, [#13], is granted.

Dated this 16th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT